JULIUS GOLDENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6544. Decided October 27, 1926.

Evidence examined and *held* insufficient to establish the existence of a partnership during the taxable years.

*Alexander H. Marshall, Esq.,* for the petitioner.
*Arthur H. Fast, Esq.,* for the respondent.

LITTLETON: The Commissioner held that there were deficiencies in income tax of the petitioner for the calendar years 1920, 1921, 1922, and 1923, in the amounts of $1,739.76, $1,538.18, $1,086.96, and $739.31, respectively.

The petitioner claims that he was a member of a partnership composed of himself, his wife, and his sister during the years 1920 to

1922, inclusive, and that during 1923 his son-in-law, Lester J. Dernberg, was also a member of this partnership. The Commissioner held that no valid partnership existed and taxed the net income of the business to the petitioner.

### FINDINGS OF FACT.

For a number of years petitioner has been engaged as a wholesale dealer in poultry, butter and eggs under the trade name of Goldenberg Brothers. He began business in 1890 in partnership with one Wolf. This partnership was dissolved a short time thereafter when petitioner and his brother, Herman Goldenberg, formed a partnership under the firm name of Goldenberg Brothers. Herman died in 1912 and petitioner purchased his interest from his estate and continued the business under the same name.

Early in 1919 the last of the petitioner's four brothers died, leaving him the sole support of Ida Goldenberg, his unmarried and only sister, who was *non compos mentis*. Petitioner furnished his sister with a home, paid all of her expenses, and employed an attendant and housekeeper to care for her.

About the middle of 1919, petitioner was disabled as a result of being struck by an automobile and was unable to leave the hospital until the latter part of that year. Upon his recovery he discussed with his wife his desire to give her and his sister an interest in the profits of his business, and it was orally agreed that their interest from January 1, 1920, should be as follows: Julius Goldenberg, 45 per cent; Elsie Goldenberg, his wife, 45 per cent; Ida Goldenberg, his sister, 10 per cent. Neither Elsie Goldenberg nor Ida Goldenberg contributed either money or services to the business. At no time was anything said concerning the losses of the business.

Early in 1920, Lester J. Dernberg, a son-in-law of Julius Goldenberg, was employed to handle purchases and sales. He was paid a regular salary, which was increased from time to time. In 1923 Goldenberg informed Dernberg that he was giving him a 25 per cent interest in the business. Petitioner thereupon reduced the percentages of himself and wife to 32½ per cent each; the percentage of Ida Goldenberg theretofore fixed remained the same.

Dernberg contributed no money to the business. He continued to perform the same service as he had theretofore been rendering. Nothing was ever said by anyone as to who should bear any losses which the business might sustain. In 1923 Dernberg was paid an amount in excess of the salary theretofore paid to him but less than 25 per cent of the profits of the business.

During the taxable years the business was carried on just as it had been in years prior to 1920. A complete set of books was main-

tained, but no entry was made thereon indicating that anyone other than Julius Goldenberg was interested in the business. The reason given for this was that, since the arrangement was a family affair and as it was necessary to borrow money from time to time, it was considered advisable so far as the public was concerned that the business continue as the individual business of Julius Goldenberg. During 1920 and subsequent years petitioner expended such sums as were necessary for the care and support of his sister, whether greater or less than 10 per cent of the profits, and charged the same to an account in her name upon the books. From time to time Elsie Goldenberg was paid such sums as she desired for personal and household uses.

Partnership returns were filed for each of the taxable years, in which the interests and the distributive shares of the aforementioned individuals were shown as follows:

|  | 1920. | | 1921. | | 1922. | | 1923. | |
|---|---|---|---|---|---|---|---|---|
|  | Per cent. | Amount. | Per cent. | Amount. | Per cent. | Amount. | Per cent. | Amount. |
| Julius Goldenberg____ | 43½ | $6,480.63 | 50 | $7,001.63 | 50 | $5,634.46 | 37½ | $3,116.70 |
| Elsie Goldenberg_____ | 43½ | 6,480.62 | 50 | 7,001.62 | 50 | 5,634.47 | 37½ | 3,116.69 |
| Lester J. Dernberg___ |  |  |  |  |  |  | 25 | 2,056.28 |
| Ida G. Goldenberg___ | 13 | 1,969.21 |  | 684.38 |  | ¹ 565.65 |  | ¹ 1,168.70 |

Drawing account.

Julius Goldenberg was paid a salary of $6,500, one-half of which was reported by his wife, Elsie Goldenberg, in her separate return.
*Judgment will be entered for the Commissioner.*